UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLODELLA ANN DARLAND,

    Defendant.
_____/

CASE NO. 1:04-CR-87

HON. GORDON J. QUIST

## ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

Defendant Clodella Ann Darland's long-serving counsel, David Kaczor, has filed a motion to withdraw as her appointed counsel "to avoid a potential conflict of interest." Counsel points out that he has recently become a member of the Federal Public Defender's (FPD's) office. At the same time the FPD has also hired as its new Criminal Justice Act (CJA) Panel Administrator, one Lynn Holck. Prior to being hired by the FPD, Ms. Holck was employed as a Tax Fraud Investigative Assistant with the United States Treasury Department, where she was involved in the preparation of the present case against Ms. Darland. Mr. Kaczor also states without elaboration that Ms. Holck offered testimony in support of the government's case against Ms. Darland. Counsel says that there is a possibility Ms. Holck may be called to testify against Ms. Darland in the future, and suggests this would raise a conflict of interest since Ms. Holck and counsel now work for the same office. Counsel seeks to have a new attorney appointed to replace him.

Attorney Kaczor was originally appointed to represent Ms. Darland in April of 2004, well over fifteen months ago. He has a heavy investment of time and effort in this very difficult case. He is very knowledgeable of all that has occurred during the past 15 months of this case. He has established a rapport with the defendant who is extremely wary of the legal system. Because of his familiarity with the case, both the defendant and the interests of justice in not having a brand new start from scratch would be well served by having Mr. Kaczor continue as Ms. Darland's counsel, if possible.

While Ms. Holck is not an attorney, the court will assume *arguendo* that it would create a conflict of interest if she were to somehow continue to assist the government now that she is employed by the FPD. This is not, however, an insurmountable problem. First, under the Michigan Rules of Professional Conduct, when a new attorney (assume here Ms. Holck) joins a firm, she would not be permitted to represent a client in connection with a matter in which she had participated personally and substantially as a public employee, unless the appropriate government agency consented after consultation. Rather, she would be screened from any participation in the matter and written notice would be promptly given to the appropriate government agency. Michigan Rules of Professional Conduct 1.11(a). A rule that provides a screen for an attorney coming from government practice to a firm representing private clients can likewise be erected where a former government staff employee makes a similar move. The court also notes that Ms. Holck's present duties as the CJA Panel Administrator for the FPD would not bring her in contact with defense counsel's

preparation of the defense in this present case.

Second, the court must assume that with the United States Treasury Department losing the services of Ms. Holck it will appoint a replacement if necessary. It is difficult in the absence of further evidence to believe that Ms. Holck's work as a tax fraud investigative assistant was so unique that it cannot be replicated.

Accordingly, to resolve this in a manner that would allow Mr. Kaczor to continue his long representation of Ms. Darland, the court hereby directs that Ms. Holck shall have no further contact with the federal government or any of its agencies in regard to this case. This order will constitute notice to the government. Further, Ms. Holck shall not be called to testify against the Darlands in any further proceedings in this matter. The court does not find this will harm the government's case since others can assume that responsibility if necessary. Further, Ms. Holck shall not discuss or participate in this case in any manner with either of the defense counsel in this case. In short, Ms. Holck shall act as though there was a Chinese Wall separating her from any further contact with this case whatsoever, whether with the prosecution or the defense, absent further order of the court. With these safeguards in place, it is not necessary to replace Mr. Kaczor as counsel for Ms. Darland. The motion to withdraw is as counsel is, therefore, DENIED. The Clerk will serve a copy of this order on Ms. Holck personally.

IT IS SO ORDERED.

Dated:  August 25, 2005          /s/ Hugh W. Brenneman, Jr.
                                 Hugh W. Brenneman, Jr.
                                 United States Magistrate Judge

3